# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

BLUEMARK, INC.,

        Plaintiff,

v.                                            Civil Action No. 2:09cv322

GEEKS ON CALL HOLDINGS, INC.,

and

GEEKS ON CALL AMERICA, INC.,

and

RICHARD T. COLE,

and

RICHARD ARTESE,

and

KEITH WESP,

        Defendants.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered July 23, 2009.

## I. PROCEDURAL HISTORY

Plaintiff, Bluemark, Inc. ("Bluemark"), brings this breach of

contract, fraud and Racketeer Influenced and Corrupt Organizations Act ("RICO") action against Defendants, Geeks on Call Holdings, Inc. ("GOCH"), Geeks on Call America, Inc. ("GOCA"), Richard T. Cole, Richard Artese, and Keith Wesp (collectively "Defendants"), alleging misrepresentations and violations related to the franchise agreement between Bluemark and GOCH.

Bluemark is a franchisee who had a franchise agreement with GOCA. In December 2008, ten franchisees, including Kamrul Khan, the sole shareholder of Bluemark, Inc., sued GOCA and GOCH. Six of the cases were filed in this District and consolidated as <u>Crofton Rhodes v. Geeks on Call America, Inc.</u>, No. 2:08cv575 (E.D. Va. filed Dec. 8, 2008). The other four, including the case filed by Mr. Khan, were filed in Norfolk Circuit Court. All franchisees, including Mr. Khan, were represented by Patrick R. Blasz, counsel for Plaintiff in this case. GOCH and GOCA were represented by Mark Randolf Baumgartner, who continues as counsel for these entities.[1]

Each of these ten cases was dismissed. The Norfolk Circuit Court dismissed its four cases, including Mr. Khan's case, on May 1, 2009. In the consolidated federal case, Judge Henry C. Morgan, Jr. dismissed all claims against GOCH and the fraud claim against GOCA, leaving only the breach of contract claim against GOCA. See <u>Crofton Rhodes</u>, Feb. 6, 2009 Order. Subsequently, five of the six

---

[1] Mr. Baumgartner also represents the individually named defendants in this case, Mr. Cole, Mr. Artese and Mr. Wesp.

2

federal plaintiffs settled, and their cases were dismissed with prejudice. See Crofton Rhodes, Mar. 19, 2009 Order. Finally, on October 14, 2009, Judge Morgan dismissed the remaining claim against GOCA with prejudice. See Crofton Rhodes, October 14, 2009 Order.[2]

On May 15, 2009, two additional plaintiffs filed complaints against Defendants[3] in the Alexandria Division of this Court.[4] The

---

[2] In Crofton Rhodes, Defendants filed a Motion to Compel Initial Disclosures on March 18, 2009, and a Motion to Dismiss for Lack of Prosecution and Failure to Comply with Rules and Court's Orders on September 11, 2009. In the Court's hearing on September 29, 2009, counsel for Defendants stated that Crofton Rhodes had not filed anything with the court, had not responded to discovery requests, and had not provided Defendants with pretrial disclosures. Judge Morgan heard Defendants' Motion to Dismiss on October 13, 2009, at which time the parties agreed to dismissal with prejudice.

[3] The May 15 complaints were substantially similar to the complaints filed in December by Plaintiff's counsel. However, they contained some additional factual allegations, added individually named defendants, and added multiple counts under RICO. By adding the RICO claims to the Complaint, Plaintiff had grounds to invoke federal question jurisdiction, which was lacking in the initial lawsuit by Mr. Khan. See 28 U.S.C. § 1331; Khan v. Geeks on Call America, Inc., No. CL08007361-00 (Va. Cir. Ct. Dec. 8, 2008).

[4] It is unclear to the Court why counsel for the plaintiffs filed these complaints in Alexandria, especially when counsel filed the previous cases in the Norfolk Division of this Court and the forum selection clause contained in the Geeks on Call franchise agreement states:
> In any suit brought against us, including our present and former employees and agents, which in any way relates to or arises out of this Agreement, or any of the dealings of the parties hereto, venue will be proper only in the federal court located nearest our National Office (presently the United States District in Norfolk, Virginia), or if neither federal

3

first case, which is presently before the Court, <u>Bluemark, Inc. v. Geeks on Call America, Inc. et al</u>, No. 2:09cv322, was assigned to District Judge Claude M. Hilton, who transferred the case to Norfolk on July 10, 2009. The second case, <u>Barber & Phelps Enterprises, LLC v. Geeks on Call Holdings, Inc. et al</u>, No. 1:09cv554, was assigned to District Judge Gerald Bruce Lee; Judge Lee granted Defendants' Motion to Dismiss on July 13, 2009, dismissing the claims against GOCH with prejudice.

The parties to the instant action came before this Court on September 29, 2009, regarding Defendants' Motion to Dismiss. At the hearing, counsel for Plaintiff disclosed that he filed for Chapter 11 bankruptcy in Alexandria on behalf of Bluemark on January 23, 2009, which since has been converted to a petition under Chapter 7.[5] See <u>In re Bluemark, Inc.</u>, No. 09-10509-SSM (Bankr. E.D. Va. Jan. 23, 2009). Though the instant civil action was filed on May 15, 2009, months after the bankruptcy proceedings were initiated, this was the first the Court was informed of Plaintiff's bankruptcy action. As a result of this disclosure, the

---

> subject matter or diversity jurisdiction exists, in the city or county state court located where our Nation Office is (presently the City of Norfolk, Virginia).

(Def.'s Br. Ex. 1 at 15-16.)

[5] On September 24, 2009, upon the motion of W. Clarkson McDow, Jr., United States Trustee, the bankruptcy court ordered a conversion of Bluemark's bankruptcy petition from one under Chapter 11 to one under Chapter 7. Trustee Robert Ogden Tyler was added to the case on September 25, 2009.

4

Court ordered Plaintiff to show cause why this case should not be dismissed for lack of standing on October 5, 2009.

On October 20, 2009, Plaintiff filed its response to the Court's Order to Show Cause. On October 21, 2009, Plaintiff filed a motion for extension of time to file this response, as the response was filed one day late. Plaintiff did not file a written brief accompanying its motion for extension of time until October 28, 2009. Defendants filed their reply to Plaintiff's response to the Order to Show Cause on October 26, 2009.[6]

II. **PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE**

The Court ordered Plaintiff to file a response to its Order to Show Cause within fourteen (14) days next after the date of the Order, which was entered on October 5, 2009. Plaintiff's response was due October 19, 2009, see Fed. R. Civ. P. 6(a)(2), but Plaintiff did not file a response until October 20, 2009 (Document No. 22).[7] Aware of this untimely filing, Plaintiff filed a request

---

[6] Defendants filed a Motion for Sanctions with accompanying brief on October 26, 2009. The Court is addressing this motion by simultaneous order.

[7] Plaintiff states in its motion that it "counted from the date of receiving the electronic notice [of the Court's Order to Show Cause], rather than from the date of order's filing." Pl.'s Req. for Extention [sic] of Time 1. Though Plaintiff claims the date of response was ambiguous because the Court was "silent as to whether the Court required Plaintiff to respond from the date the Order was entered, filed or electronic notice provided by the clerk," Pl.'s Mem. in Supp. 1, Plaintiff also admitted in its request that counsel counted, "in error," fourteen (14) days from the date the transaction was entered rather than the date of filing, Pl.'s Req. for Extention [sic] of Time 2.

5

for extension of time to file the reply (Document No. 23) on October 21, 2009, two days after the deadline and one day after Plaintiff filed its response. Plaintiff did not comply with Local Rule 7(F), however, as Plaintiff's motion was not accompanied by a written brief.[8] It was not until the clerk of the Court gave Plaintiff notice of its error that Plaintiff finally filed a written brief (Document No. 27) on October 28, 2009. Despite these obvious deficiencies, the Court exercises its discretion and GRANTS Plaintiff's motion for extension of time.

### III. **PLAINTIFF LACKS STANDING IN THIS LAWSUIT**

A court can raise the issue of standing sua sponte at any time during litigation. Delorme v. United States, 354 F.3d 810, 815 (8th Cir. 2004)(citing Fed. R. Civ. P. 12(h)(3)). Pursuant to Fed. R. Civ. P. 17, an action must be prosecuted in the name of the real party in interest. If the court finds that the plaintiff does not have standing to bring the suit because the person or entity is not

---

[8] Local Civil Rule 7(F) states:

> (1) All motions, unless otherwise directed by the Court and except as noted hereinbelow in subsection 7(F)(2), shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies. . . .
>
> (2) Briefs need not accompany motions for: . . . (b) an extension of time to respond to pleadings, *unless the time has already expired* . . .

(emphasis added).

a real party in interest, the court lacks subject matter jurisdiction and should dismiss the case. See Mirant Potomac River, LLC, v. U.S. Envtl. Prot. Agency, 577 F.3d 223, 225 (4th Cir. 2009).

### A. At the time Plaintiff filed the instant action, Plaintiff had standing.

Plaintiff, as a Chapter 11 debtor in possession, had standing to prosecute this action at the time the action was filed. Fed. R. Bankr. Proc. 6009.[9] However, at the time Plaintiff filed for bankruptcy, Plaintiff was required to report the potential lawsuit as an interest in property held by the estate.[10] See Stewart v. Hardie, 978 S.W.2d 203, 207 (Tex. App. 1998)(finding that the plaintiff had a duty to report his potential lawsuit as an asset where the claim accrued over a month prior to the date he filed his bankruptcy petition); see also In re Yonikus, 974 F.2d 901, 904 (7th Cir. 1992)("Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets

---

[9] Rule 6009 states, *"With or without court approval,* the trustee *or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."* (emphasis added).

[10] It is obvious to the Court that Plaintiff knew its lawsuit against Defendants was a potential asset prior to Plaintiff's filing its bankruptcy petition. Mr. Khan, as the sole shareholder of Bluemark, had already filed suit in the Norfolk Circuit Court. Though Mr. Khan filed the suit in his name, he clearly did so as a representative of Bluemark's interests, because the suit involved Bluemark's contract with Defendants.

7

are worthless or are unavailable to the bankruptcy estate."). Despite the fact that counsel for Plaintiff in this matter also represents Plaintiff in its bankruptcy petition, neither Plaintiff nor its counsel advised the bankruptcy court of Mr. Khan's pending claim or Bluemark's potential claim[11] at the time Plaintiff filed its Chapter 11 bankruptcy petition.[12]

Moreover, even if Plaintiff did not report the potential lawsuit as an asset at the time Plaintiff initially filed for bankruptcy because Plaintiff did not foresee filing this lawsuit, Plaintiff did not notify the bankruptcy court when it actually filed the instant action on May 15, 2009. See In re Bluemark, Inc., No. 09-10509-SSM (Bankr. E.D. Va. Jan. 23, 2009). Plaintiff had a duty to amend its schedules or disclosure statements to identify the cause of action as a contingent asset, see Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001), but failed to do so.[13]

---

[11] As required by 11 U.S.C. § 521(1), Plaintiff attached a Statement of Financial Affairs and Schedules of Assets and Liabilities ("Schedules") to its Chapter 11 petition. The Schedules did not list as an asset or otherwise identify Plaintiff's instant claims against Defendants.

[12] In order to obtain information on Plaintiff's bankruptcy petition, the Court examined the records available online from the United States Bankruptcy Court for the Eastern District of Virginia in Alexandria. See In re Bluemark, Inc., No. 09-10509-SSM (Bankr. E.D. Va. Jan. 23, 2009).

[13] The Court observes that Plaintiff's repeated failure to follow court procedure and exercise diligence also pervades Plaintiff's bankruptcy petition. In addition to failing to notify

## B. Once Plaintiff's Chapter 11 petition was converted into a Chapter 7 petition, Plaintiff no longer had standing.

On September 24, 2009, upon the motion of W. Clarkson McDow, Jr., United States Trustee, the bankruptcy court ordered a conversion of Bluemark's bankruptcy petition from one under Chapter 11 to one under Chapter 7. See In re Bluemark, Inc., No. 09-10509-SSM (Bankr. E.D. Va. Jan. 23, 2009). The following day, Robert Ogden Tyler was added to the case as the trustee. Id. The bankruptcy code provides that the filing of a Chapter 7 bankruptcy case creates an estate that includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It is well-established that "the broad scope of § 541(a) encompasses causes of action existing at the time the bankruptcy action commences." Anderson v. Acme Markets, Inc., 287 B.R. 624, 629 (E.D. Pa. 2002). Therefore, any "actions that are unresolved at the time of filing then pass to the trustee as representative of the estate, who has the responsibility . . . of asserting them whenever necessary for collection or preservation of the estate." In re Ozark Rest. Equip. Co., 816 F.2d 1222, 1224 (8th Cir. 1987); see also In re Richman, 104 F.3d 654, 657 (4th Cir. 1997). Accordingly, once a Chapter 7 petition

---

the bankruptcy court of Plaintiff's cause of action, the bankruptcy court has issued a Notice to Show Cause (Document No. 50) against Plaintiff for failure to appear at a meeting of creditors on October 21, 2009. In re Bluemark, Inc., No. 09-10509-SSM (Bankr. E.D. Va. Jan. 23, 2009).

9

is filed, the debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed, because the trustee has the sole authority to prosecute such causes of action. 11 U.S.C. § 323(a); Anderson, 287 B.R. at 628; see also Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988).

Mr. Tyler, as trustee, is not a party to this lawsuit. He did not abandon this cause of action, and there is no evidence in Plaintiff's bankruptcy filings that Plaintiff requested authority from him or the bankruptcy court generally to pursue this litigation. See Cain v. Hyatt, 101 B.R. 440, 441 (E.D. Pa. 1989). Moreover, Defendants allege in their Answer to Plaintiff's Response (Document No. 24) that Mr. Tyler confirmed that Plaintiff did not seek approval from him to proceed in this action. Based on the foregoing, in addition to the fact that Plaintiff concedes that it lacks standing, Pl.'s Resp. at 2, this Court FINDS that Bluemark no longer has standing to prosecute this lawsuit. As such, this Court recommends that the instant action be DISMISSED WITHOUT PREJUDICE.[14]

### IV. **PLAINTIFF'S OBLIGATION TO PAY HALF THE COST OF**

---

[14] In order to preserve Mr. Tyler's rights as trustee of Plaintiff's bankruptcy estate, the Court recommends that this case be dismissed without prejudice. However, the Court feels obliged to note its doubts regarding the merits of Plaintiff's claims. As noted in Sect. I, supra, eleven (11) substantially similar lawsuits have been filed by Plaintiff's counsel reciting nearly identical claims, and all eleven (11) of those suits have been dismissed.

## THE TRANSCRIPT OBTAINED IN THIS MATTER

On September 21, 2009, this Court ordered the parties to submit to the Court a transcript of the proceedings on July 10, 2009, before the Honorable Judge Lee in <u>Barber & Phelps Enterprises, LLC v. Geeks on Call Holdings, Inc. et al.</u>, E.D. Va, Alexandria Division Civil Action No. 1:09-cv-554. At the September 29, 2009 hearing, Defendants' counsel informed the Court that Defendants paid the full cost of the transcript, and they needed reimbursement for half of the cost from Plaintiff. Plaintiff's counsel agreed to pay Defendants, however Defendants state in their Answer to Plaintiff's Response that Plaintiff has failed to do so. Pursuant to the Court's authority under 28 U.S.C. § 636(b)(1)(A), the Court hereby ORDERS Plaintiff to reimburse Defendants for half the cost of obtaining the transcript.

## V. RECOMMENDATION

For the foregoing reasons, having GRANTED Plaintiff's motion for extension of time, the Court recommends that the instant action be DISMISSED WITHOUT PREJUDICE, and hereby ORDERS Plaintiff to reimburse Defendant for half of the cost of obtaining the transcript ordered by this Court.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the

Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

*[signature]*
United States Magistrate Judge

Norfolk, Virginia
November 18, 2009

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Patrick R. Blasz
Law Office of Patrick Blasz LLC
11496 Commerce Park Dr. #240
Reston, VA 20191
Counsel for Plaintiff

Mark Randolf Baumgartner
Pender & Coward PC
222 Central Park Ave
Virginia Beach, VA 23462-3027
Counsel for Defendants

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

November 19, 2009